UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY CORDOVA,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.: 1:15-cv-00869 - --- - JLT<br><br>ORDER DIRECTING THE CLERK TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO OBEY THE COURT'S ORDERS |

Plaintiff Michael Anthony Cordova initiated this action by filing a complaint for judicial review of the decision to deny his application for Social Security benefits. (Doc. 1) However, Plaintiff has failed to prosecute this action or comply with the Court's orders to file an amended complaint. Therefore, the Court recommends the action be **DISMISSED**.

**I.     Procedural History**

On June 1, 2015, the Court observed that Plaintiff failed to allege facts supporting a determination that the Court has subject matter jurisdiction over the action pursuant to 42 U.S.C. § 406(g). (Doc. 5 at 3-4) The Court dismissed the complaint with leave to amend, to give Plaintiff an opportunity to state "whether he requested review by the Appeals Council and, if so, when the Appeals Council ruled upon his request." (*Id.* at 4) Because Plaintiff failed to file an amended complaint, the Court ordered Plaintiff to show cause why the action should not be dismissed or, in the alternative, to file an amended complaint. (Doc. 6) The Court ordered Plaintiff to file a response within fourteen

days of the date of service.  (*Id.* at 2) To date, Plaintiff has failed to respond to the Court's orders.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

Here, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, Plaintiff failed to allege facts sufficient for the Court to determine his request for judicial review was timely or that the Court has jurisdiction over the action. (Doc. 5 at 3-4, citing 42

U.S.C. § 405(g). The Court warned Plaintiff that failure to allege facts that support a determination that the Court has subject matter jurisdiction "will result in a recommendation that the matter be dismissed." (*Id.* at 4) Further, the Court warned Plaintiff that an action may be dismissed "based upon a party's failure to prosecute an action or failure to obey a court order…" (Doc. 6 at 1-2) These warnings to Plaintiff that dismissal would result from his noncompliance with the Court's orders satisfy the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

**IV.   Order**

Good cause appearing, the Clerk of Court is DIRECTED to assign a United States District Judge to this action.

**V.   Findings and Recommendations**

Plaintiff has failed to prosecute this action and failed to comply with the Court's orders dated July 1, 2015 (Doc. 5) and July 29, 2015 (Doc. 6).

Accordingly, **IT IS HEREBY RECOMMENDED**:

1.   This action be **DISMISSED WITHOUT PREJUDICE**; and

2.   The Clerk of Court be DIRECTED to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 19, 2015**         **/s/ Jennifer L. Thurston**
                                     UNITED STATES MAGISTRATE JUDGE